American Hardware & Equipment Co. v. Commissioner.
American Hardware & Equip. Co. v. Commissioner
Docket No. 29793.
United States Tax Court
1952 Tax Ct. Memo LEXIS 162; 11 T.C.M. (CCH) 650; T.C.M. (RIA) 52197; June 24, 1952
*162 The amounts of $1,800 and $1,500 which petitioner contributed in the respective taxable years 1947 and 1948 to the National Tax Equality Association, an exempt corporation, organized and primarily operated in such years for the carrying on of propaganda with the ultimate objective being a revision in tax structure, are not properly deductible under either section 23(a)(1)(A) or 23(q)(2) of the Internal Revenue Code. Theodore C. Conrad, Esq., 126 Brovard Court, Charlotte, N.C., and David H. Henderson, Esq., for the petitioner. Stephen P. Cadden, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion LEMIRE, Judge: The proceeding involves income tax deficiencies for the fiscal years ended June 30, 1947, and June 30, 1948, in the respective amounts of $551.06 and $443.95. The sole contested issue is whether the respondent erred in disallowing the sums of $1,800 and $1,500 claimed as contributions made in the respective taxable years to National Tax Equality Association, an exempt nonprofit corporation. Other adjustments made by the respondent are not contested. Findings of Fact Petitioner is a North Carolina corporation. *163 Since its incorporation in 1917 it has engaged in the wholesale hardware business in the States of North Carolina and South Carolina. Petitioner kept its books on a fiscal year basis ending June 30. Its returns for the taxable periods involved were filed with the collector of internal revenue for the district of North Carolina at Greensboro, North Carolina. Prior to and during the taxable years in question petitioner was faced with competition from other distributors, one of which was Farmer's Cooperative Exchange. On its tax returns for the fiscal years ended June 30, 1947, and June 30, 1948, the petitioner claimed as deductions the respective amounts of $1,800 and $1,500, representing contributions made by it to National Tax Equality Association. In determining his deficiency for the taxable years 1947 and 1948 the respondent disallowed the entire amounts claimed on the ground they did not constitute proper deductions. National Tax Equality Association, hereinafter referred to as NTEA, is a nonprofit corporation organized under the laws of the State of Illinois in October 1943. Its articles of incorporation provide that the objects and purposes for which it was organized *164 are - "* * * to conduct educational, scientific and research activities relative to dispariities in federal and state tax statutes and other laws and regulations affecting business, and to disseminate such information to civic organizations and representatives of business affected thereby, to the public and to federal and state governments. The Corporation shall be non-sectarian, non-partisan, and no part of the net earnings, if any, of the Corporation shall inure to the benefit of any private shareholder or individual." NTEA was first ruled exempt from taxation under section 101 (6), but at its request was later ruled exempt as a business league under section 101 (7) of the Internal Revenue Code. The suggestion that petitioner make contributions to the NTEA came from petitioner's president, L. D. Nuchols. He was elected a director of NTEA for the years 1947 and 1948 but did not attend any of the directors' meetings. Petitioner's directors did not adopt any resolution authorizing the contributions made by the petitioner to NTEA but informally approved the suggestion of its president. NTEA was organized and primarily operated from its inception, and during *165 the taxable years in question, for the carrying on of propaganda with the ultimate objective being a revision in tax structure. Opinion The sole issue presented is whether the amounts contributed by petitioner to the National Tax Equality Association, an exempt corporation, constitute proper deductions under either section 23(a)(1)(A) or 23(q)(2) of the Internal Revenue Code. We have recently passed on this identical question. In Roberts Dairy Company, Docket No. 20442 (memorandum opinion, Oct. 31, 1950) [9 TCM 1000,], affd. 195 Fed. (2d) 948 (C.A. 8, Apr. 15, 1952), we determined that contributions made to NTEA were not deductible under either section 23(a)(1)(A) or 23(q)(2) of the code. We deem that case controlling here and therefore hold that the amounts of $1,800 and $1,500 contributed by petitioner to the National Tax Equality Association in the respective taxable years 1947 and 1948 do not constitute proper deductions either under section 23(a)(1)(A) or 23(q)(2) of the Internal Revenue Code. The respondent's determination is sustained. Decision will be entered for the respondent.